**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

APR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| XIANGDING ZHEN,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 23-704<br><br>Agency No.<br>A216-528-989<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2024[**]
San Francisco, California

Before: PAEZ and SUNG, Circuit Judges, and FITZWATER, District Judge.[***]

Xiangding Zhen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' (BIA) dismissal of his appeal of an immigration

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

judge's (IJ) decision denying his applications for asylum, withholding of removal, and for protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and expressly adopts and affirms the IJ's decision, we "look through the BIA's decision and treat the IJ's decision as the final agency decision for the purposes of [the] appeal." *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We review for substantial evidence the agency's factual findings, and we review de novo questions of law. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021).

### 1. Asylum and Withholding of Removal

Zhen argues that he suffered past persecution and established a well-founded fear of future persecution on account of his membership in the proposed particular social group of "persons wrongly arrested in China." "Both asylum and withholding depend on a finding that the applicant was harmed, or threatened with harm, on account of a protected ground. One such ground is that the applicant is a member of a particular social group." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 833 (9th Cir. 2022). The BIA determined that Zhen could not establish his membership in such a group because it was not clear that he had been wrongly arrested. This determination is supported by substantial evidence. Zhen was

arrested after he was present at the scene of a murder committed by his brother. After Zhen admitted to providing his brother with money that his brother used to purchase the murder weapon, he was charged with intentional harm and detained for ten months before he was released. Because Zhen has not established his membership in the proposed particular social group of "persons wrongly arrested in China," he cannot establish that he suffered past persecution or has a well-founded fear of future persecution on account of such membership. *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021).

Zhen next argues that he suffered past persecution and established a well-founded fear of future persecution on account of his actual or imputed anti-government political opinion. To establish past persecution on account of an imputed political opinion, Zhen must show that his persecutors believed that Zhen held a political opinion and that he was harmed on account of that imputed political opinion. *Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir. 2014). The BIA determined that Zhen failed to meet this burden. This determination is supported by substantial evidence. There is no evidence indicating that the police believed that he held an anti-government political opinion or mistreated him on account of that opinion. Substantial evidence supports the agency's determination that Zhen was charged and detained on account of his connection to the murder.

Zhen also contends that he has a well-founded fear of future persecution

because his decision to leave China "may constitute a protected nexus of anti-government political opinion or imputed political opinion." Zhen's decision to leave China is not evidence of an actual or imputed anti-government political opinion sufficient to establish that he has a well-founded fear of future persecution on account of that opinion. *Ahmed v. Keisler*, 504 F.3d 1183, 1197 (9th Cir. 2007). We thus deny Zhen's petition as to asylum.[1]

Because Zhen has not met the lesser burden of establishing his eligibility for asylum, he "necessarily fails to satisfy the more demanding standard for withholding of removal." *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020). We therefore deny Zhen's petition as to withholding of removal.

## 2. CAT Relief

Zhen argues that the BIA also erred in affirming the IJ's denial of CAT relief. "To receive deferral of removal under the CAT, an applicant must establish that 'it is more likely than not that he or she would be tortured if removed.'" *Hernandez v. Garland*, 52 F.4th 757, 768–69 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). Zhen has not presented any evidence indicating that it would be more likely than not that he would be tortured if removed to China. *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009). Substantial evidence thus

---

[1] In light of our resolution of these claims, we need not reach the parties' arguments concerning the one-year bar to asylum. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

supports the BIA's determination that Zhen is not entitled to CAT relief.  We therefore deny the petition as to CAT relief.

The parties shall bear their own costs on appeal.

**PETITION DENIED.**